IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES SANDS, | ) | CASE NO. 3:14-cv-01960 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| JASON BUNTING, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Charles Sands ("Sands"), challenges the constitutionality of his conviction in the case of *State v. Sands*, Huron County Court of Common Pleas Case No. CR-2010-0568. Sands, *pro se*, filed a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on September 3, 2014.  On October 30, 2014, Warden Jason Bunting ("Respondent") filed an Answer/Return of Writ.  (ECF No. 6.)  Sands filed a Traverse on February 5, 2015.  (ECF No. 13.)  For reasons set forth in detail below, it is recommended that Sands' petition be DISMISSED as time barred.

**I. Procedural History**

**A. Conviction**

On August 18, 2010, a Huron County Grand Jury charged Sands with one count of unlawful sexual conduct with a minor in violation of Ohio Revised Code ("O.R.C.") §

2907.04(A) & (B)(3) together with a motor vehicle specification; one count of gross sexual imposition in violation of O.R.C. § 2907.05(A)(4); six counts of gross sexual imposition in violation of O.R.C. § 2907.05(A)(1); one count of intimidation of a victim in violation of O.R.C. 2921.04(B); and, one count of rape in violation of O.R.C. § 2907.02(A)(2) together with a motor vehicle specification.  (ECF No. 6-3, Exh. 3.)

On November 5, 2010, as part of a plea agreement, Sands, represented by counsel, entered a guilty plea to two counts of unlawful sexual conduct with a minor as charged in Count I and Amended Count II, and one count of attempted gross sexual imposition as charged in Amended Count V.  (ECF No. 6, Exhs. 4 & 5.)  The remaining charges were dismissed.  (ECF No. 6-5, Exh. 5.)

On January 7, 2011, the trial court sentenced Sands to an aggregate prison term of eight years.  (ECF No. 6-6, Exh. 6.)  Sands was classified as a Tier I Sex Offender on Amended Count V and advised that his fifteen (15) year registration period would commence that same day.  *Id*.  Sands was further classified as a Tier II Sex Offender on Count I and Amended Count II and advised that his twenty-five (25) year registration period would commence the same day.  *Id*.  The trial court also advised Sands of his limited right to appeal and the thirty-day deadline for doing so.  *Id*.

**B.  Delayed Direct Appeal**

On September 13, 2011, after the thirty-day deadline for filing a timely appeal expired, Sands, *pro se*, filed a notice of appeal and motion for delayed appeal with the Court of Appeals for the Sixth Appellate District ("state appellate court").  (ECF No. 6-8, Exh. 8.)

On September 29, 2011, the state appellate court allowed the appeal finding that Sands

had met the requirements of Ohio App. R. 5(A) governing delayed appeals. (ECF No. 6-9, Exh. 9.) Appellate counsel was also appointed. *Id*.

On March 1, 2012, Sands, through counsel, filed a brief raising the following assignments of error:

> A. The trial court committed error and abused its discretion when it sentenced the appellant to four year sentences for Counts One and Two and ordered that those sentences be served consecutively.
>
> B. The trial court violated Appellant's rights under the Eight[h] Amendment of the United States Constitution and Section Nine, Article 1 of the Ohio Constitution by sentencing him to a stated prison term of eight years.

(ECF No. 6-10, Exh. 10.)

On December 21, 2012, Sands' conviction and sentence was affirmed. (ECF No. 6-12, Exh. 12.)

Sands did not file an appeal with the Supreme Court of Ohio.

**C. Application to Reopen Appeal**

On March 8, 2013, Sands, *pro se*, filed an application to reopen his appeal pursuant to Ohio App. R. 26(B) raising the following assignments of error:

> I. Trial counsel rendered ineffective assistance of counsel by failing to require post-release control be properly imposed.
>
> II. Trial counsel rendered ineffective assistance of counsel by failing t[o] require statutory mandated findings prior to sentencing over the minimum to first time offender.

(ECF No. 6-13, Exh. 13.)

On April 24, 2013, the application to reopen was denied. (ECF No. 6-14, Exh. 14.)

On June 6, 2013, Sands, *pro se*, filed a notice of appeal with the Supreme Court of Ohio

-3-

raising the following propositions of law:

> 1. When the Trial Court fails to adhere to statutory mandatory requirements of Post-Release Control when imposing sentence, is said sentence void or voidable?
>
> 2. When imposing over the minimum sentence for a first time offender, is the Trial Court required to make statutory "considerations" and "finding" before imposing a sentence?

(ECF No. 6, Exhs. 15 & 17.)

On September 4, 2013, the Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4). (ECF No. 6-18, Exh. 18.)

**D. Motion to Vacate and Postconviction Relief**

On December 26, 2013, Sands, *pro se*, filed a "Motion to Vacate Restitution Order." (ECF No. 6-19, Exh. 19.)

On January 30, 2014, Sands, *pro se*, filed a petition for post-conviction relief, styled as a motion to vacate for lack of jurisdiction. (ECF No. 6-20, Exh. 20.)

On February 21, 2014, the trial court granted the motion to vacate restitution, but denied the post-conviction petition as untimely. (ECF No. 6-21, Exh. 21.)

On March 3, 2014, Sands, *pro se*, appealed the denial of his petition for post-conviction relief. (ECF No. 6, Exhs. 22 & 24.)

On August 8, 2014, the state appellate court agreed that Sands' motion to vacate judgment was untimely and found that, in any event, the trial court did not lack jurisdiction. (ECF No. 6-26, Exh. 26.)

On August 26, 2014, Sands, *pro se*, filed an appeal with the Supreme Court of Ohio. (ECF No. 6, Exhs. 28 & 29.)

On February 18, 2015, the Court declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4). *02/18/2015 Case Announcements*, 2015-Ohio-554.

**E. Federal Habeas Petition**

On September 3, 2014, Sands filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:[1]

> GROUND ONE: Trial counsel rendered ineffective assistance of counsel by failing to require the proper imposition of post-release control denying Petitioner his right to *due process* and *equal protection of the law* in violation of the Fifth, Sixth, and Fourteenth Amendment[s] to the United States Constitutional [sic].
>
> GROUND TWO: Trial counsel rendered ineffective assistance of counsel by failing to require the proper required statutory mandated findings prior to imposing a sentence that was over the minimum for a first time offender denying Petitioner his right to due process and equal protection of the law in violation of the Fifth, Sixth, and Fourteenth Amendment[s] to the United States Constitution.

(ECF No. 1) (emphasis in original).

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] According to the petition, Sands placed his petition in the prison mailing system on August 27, 2014 seven days earlier. (ECF No. 1 at 13.) The seven day difference is immaterial.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

### A. One-Year Limitation

In the instant action, Respondent asserts that Sands' petition is time-barred because it was not filed within the one-year limitations period. Respondent contends that Sands' conviction became final on February 17, 2011, thirty (30) days after sentencing when the time to file a timely notice of appeal expired.[2] (ECF No. 6 at 9.)

The Court agrees that AEDPA's statute of limitations commenced on February 18, 2011, the day after the expiration of the time for seeking direct review. The statute of limitations continued to run for 208 days, until September 13, 2011, when Sands filed his motion for delayed appeal. AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S.

---

[2] Sands' sentence was journalized on January 18, 2011. (ECF No. 6-6, Exh. 6.) Pursuant to Ohio App. R. 4(A), Sands had thirty (30) days until February 17, 2011, to file a timely appeal.

189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.* As such, Respondent concedes that the statute of limitations was tolled until February 4, 2013, forty-five (45) days after the state appellate court affirmed his conviction and the time to file a timely notice of appeal with the Supreme Court of Ohio expired.

Respondent's brief fails to address the impact of the state appellate court permitting Sands to file a delayed direct appeal. Generally, a timely filed state post-conviction matter cannot serve to toll a statute of limitations which already expired before the filing. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Also, section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Nonetheless, the question remains whether a delayed direct appeal constitutes "direct review," in which case the statute of limitations does not commence until its conclusion, or whether it is should be treated as a post-conviction filing for the purposes of AEDPA.

"[Ohio Appellate] Rule 5(A) motions [for delayed appeal] are treated as part of collateral review." *Granger v. Hurt*, 90 Fed. App'x 97, 100 (6th Cir. 2004) (*citing Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (holding that motions for delayed appeal are not part of direct review and toll, rather than restart, the one-year statute of limitations); *see also Peals v. Dann*, Case No. 3:07-cv-2342 (N.D. Ohio Apr. 11, 2008) (J. Oliver) ("The Sixth Circuit and courts within its jurisdiction

have explicitly held that a motion for delayed appeal is collateral review."), *citing DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006) ("[A] motion for delayed appeal [before the Ohio Supreme Court], even if granted, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending."). Another district court decision observed that "a motion to file a delayed appeal in a state appellate court is not part of direct review and cannot, therefore, restart the running of the statute of limitations for purposes of federal habeas review." *Porter v. Hudson*, 2007 U.S. Dist. LEXIS 51281, at *18 (N.D. Ohio July 16, 2007) (J. O'Malley); *see also Anderson v. Brunsman*, 562 Fed. App'x 426, 430 (6th Cir. 2014) (describing as "inaccurate" a petitioner's contention that a motion for delayed appeal was part of direct review); *Sanders v. Bobby*, 2008 U.S. Dist. LEXIS 7248 (N.D. Ohio Jan. 31, 2008).[3]

As such, the statute of limitations did *not* restart after Sands' delayed appeal concluded, but rather resumed the following day on February 5, 2013, continuing to run for an additional 31 days (239 days in the aggregate) until Sands filed his application to reopen his appeal pursuant to Ohio App. R. 26(B) on March 8, 2013. Respondent acknowledges that the statute of limitations was tolled until September 4, 2013 when the Ohio Supreme Court declined to accept jurisdiction of Sands' appeal from the denial of his 26(B) application.[4] (ECF No. 6 at 10.) The statute of

---

[3] Ohio state courts also do not consider delayed appeals part of direct review. *See, e.g., State v. Bird*, 741 N.E.2d 560,138 Ohio App. 3d 400, 405 (Ohio Ct. App. 2000) ("The term 'direct appeal,' ... does not universally include delayed appeals [and] ... language in some cases specifically limits the term to include only those appeals taken as of right and/or otherwise distinguishes between direct appeals and delayed appeals."), *citing State v. Gillard*, 85 Ohio St. 3d 363, 365, 708 N.E.2d 708 (Ohio 1999); *accord State v. Lewis*, 2006 Ohio App. LEXIS 2563, 2006-Ohio-2752 at ¶10 (Ohio Ct. App. Jun. 1, 2006).

[4] Furthermore, because Sands' 26(B) application was also not part of direct review pursuant to *Lawrence v. Florida*, 127 S.Ct. 1079, 1080 (2007), he was not entitled to an additional ninety (90) days of tolling for seeking review by the United States Supreme

limitations resumed the next day on September 5, 2013 and ran for an additional 112 days (351 in total) until December 26, 2013, when Sands filed a motion to vacate restitution which tolled anew the statute of limitations.

One month after filing his motion to vacate restitution, Sands also filed a petition for post-conviction relief on January 30, 2014. (ECF No. 6, Exhs. 19 & 20.) Respondent does not contest that the statute of limitations was tolled until February 21, 2014, the day the trial court granted the motion to vacate restitution but denied the post-conviction petition as untimely. (ECF No. 6 at 10.) Respondent asserts that because the petition was deemed untimely, the remaining time, fourteen (14) days according to the Court's calculation, expired prior to the filing of Sands' habeas petition on August 27, 2014. (ECF No. 6 at 10.) Generally, only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

That being said, Respondent's brief fails to address a critical issue. Specifically, though Respondent acknowledges in the procedural history that Sands filed a timely appeal from the

Court.

February 21, 2014 denial of his post-conviction petition (ECF No. 6 at 5-6), Respondent fails to address the impact, if any, said appeal had on the statute of limitations. *Id.* at 10. However, this Court has previously been confronted with an almost identical issue:

> Although Parsons filed a motion to reopen his appeal on May 6, 2011, the state appellate court deemed that filing as untimely on June 22, 2011. (ECF No. 9-1, Exhs. 16 & 17.) No tolling resulted, because post-conviction or collateral petitions rejected by the state court as untimely are not "properly filed" within the meaning of the AEDPA. Parsons did appeal this dismissal to the Ohio Supreme Court within forty-five days. (ECF No. 9-1, Exh. 18.) **The Respondent, however, does not address the issue of whether a potentially timely appeal from an untimely (and therefore not properly filed) post-conviction or collateral petition has a tolling effect where the statute of limitations has not yet expired. In this case, the question is dispositive on the time-bar issue.** If Parsons enjoys the benefit of statutory tolling while his appeal to the Supreme Court of Ohio remained pending, his petition is not barred by the statute of limitations. On the other hand, if an appeal from the denial of an untimely, and thus improperly filed, application to reopen has no tolling effect, his habeas petition would be time-barred.
>
> This Court's own review of this issue has not unearthed any controlling case law directly on point. However, in *Pace*, the Supreme Court expressed reservations about the wisdom of tolling where a petition is untimely. 544 U.S. at 413 ("On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.") Similar concerns are applicable here. A petitioner should not enjoy the benefit of statutory tolling by promptly appealing from an otherwise improperly filed collateral petition. The *Pace* court, while not confronted with identical circumstances, held as follows: "[w]hat we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." 544 U.S. at 414 (*citing Carey v. Saffold*, 536 U.S. 214 (2002)).
>
>> [Footnote 5] In *Lynch v. Wilson*, 2009 U.S. Dist. LEXIS 6702 at **4-5 (N.D. Ohio Jan. 30, 2009) (Oliver, J.), the court addressed whether appeals from a petitioner's improperly filed post-conviction, collateral actions tolled the statute of limitations. The *Lynch* court rejected the report and recommendation of the Magistrate Judge and found that the subsequent appeals from improperly filed postconviction actions failed to toll the statute of limitations under the AEDPA.

> This Court agrees with the *Lynch* decision and finds that the concerns of undue delay expressed by the Supreme Court preclude statutory tolling during the pendency of an appeal from an untimely post-conviction or collateral application. This Court recognizes that the outcome might be different if the appeal leads to a reversal of the lower court's decision and results in a finding that the application was "properly filed" under state law. Here, however, the Ohio Supreme Court dismissed the appeal. (ECF No. 9-1, Exh. 20.) "Where the last reasoned order in a state court proceeding relies on a procedural error, later unexplained orders are presumed to rest on the same ground." *Palmer v. Lavigne*, 43 Fed. Appx. 827, 829 (6th Cir. 2002) (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991).

*Parsons v. Turner*, Case No. 3:12-cv-02300, 2013 U.S. Dist. LEXIS 183368 at **10-11 (N.D. Ohio, Nov. 19, 2013), *adopted by* 2014 U.S. Dist. LEXIS 4426 (N.D. Ohio Jan. 14, 2014.)

Here too, if Sands enjoyed the benefit of tolling while his appeals with the state appellate court and Ohio Supreme Court were pending, his petition would be timely. However, the state appellate court's opinion held that Sands' post-conviction filing was untimely and, in any event, without merit. (ECF No. 6-26, Exh. 26.) The Supreme Court of Ohio declined to accept jurisdiction without a reasoned opinion. *See* 2015-Ohio-554. For the same reasons stated above in *Parsons*, the Court continues to believe that an appeal from an untimely post-conviction petition has no tolling effect. As such, the AEDPA statute of limitations expired fourteen days after the February 21, 2014 denial of Sands' post-conviction petition on March 7, 2014. Consequently, Sands' habeas petition was over five months late.

Unless equitable tolling is appropriate or Sands is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B. Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims

-11-

presented" was not discovered by a petitioner, acting with due diligence, until a later date. As both of Sands' grounds for relief are predicated on alleged errors in sentencing, he cannot reasonably argue that the basis for his claims were not discoverable until after his conviction became final.

**C.   Equitable Tolling**

The Court also finds that equitable tolling is not appropriate. Sands did not raise a tolling argument in his Traverse after Respondent raised the statute of limitations defense. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable). In order to be entitled to equitable tolling, Sands must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999). Sands has failed to establish that he had been diligent pursuing his rights or that any extraordinary circumstance stood in his way.

**D.  Actual Innocence**

Finally, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (*quoting Mabry v. Johnson*, 467 U.S. 504, 508 (1984)); *cf. See, e.g., Machibroda v. United States*, 368 U.S. 487, 493 (1962) (observing that a guilty plea

induced by false threats or promises is subject to a collateral attack).[5] However, in *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005), it was held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599 (following *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1998)). More recently, in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931. Nevertheless, the Supreme Court explained that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. "A petitioner may claim actual innocence for the purposes of equitable tolling, even if his conviction was the result of a plea." *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008) (*citing Bousley*, 523 U.S. at 623; *Waucaush v. United States*, 380 F.3d 251, 258 (6th Cir. 2004) (finding petitioner actually innocent of charge to which he pled guilty). In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

---

[5] Furthermore, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley*, 523 U.S. at 621. "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id*. (*quoting United States v. Timmreck*, 441 U.S. 780, 784 (1979)). By failing to challenge the validity of a guilty plea on direct appeal, a petitioner procedurally defaults a claim of a defective guilty plea. *Id*. (finding that petitioner, who only challenged his sentence on direct appeal, procedurally defaulted on a challenge to the validity of his guilty plea). Sands never completed a full round of direct review challenging the validity of his guilty plea.

Here, Sands has not argued that he is actually innocent, nor has he set forth any new evidence.

### III. Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

/s/ Greg White
U.S. Magistrate Judge

Date: September 18, 2015

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**