**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES SANDS,** | ) | **CASE NO.  3:14-cv-01960-DAP** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** |
| **JASON BUNTING,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**I. Introduction**

On September 3, 2014, Petitioner Charles Sands filed a *pro se* Petition pursuant to 22 U.S.C. § 2254 in this Court.  Doc #: 1.  The Petition raised two grounds, both based on allegations of ineffective assistance of counsel.  *Id.* at 7, 9.  On October 30, Respondent Warden Jason Bunting filed a Return of Writ.  Doc #: 6.  On February 5, 2015, Sands filed a Traverse. Doc #: 13.  On September 18, 2015, Magistrate Judge Greg White recommended the Petition be dismissed as time barred.  Report and Recommendation, Doc #: 15 ["R & R"].  Sands timely objected, making two arguments regarding why the Report and Recommendation incorrectly found the Petition to be time barred: void judgment and equitable tolling.  Obj., Doc #: 18.  For

the reasons stated below, the Court adopts the Report and Recommendation and dismisses the Petition as time barred.

## II. Standard of Law

After a report and recommendation has been issued, the district court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  A plaintiff waives her right to review of the remaining portions of a report and recommendation to which she did not specifically object. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir.2005); *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472, 88 L. Ed. 2d 435 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")

## III. Discussion

### A. Sands's Objections

Sands objects to the recommendation finding that his Petition is untimely on two bases: first, that the statute of limitations did not commence on February 18, 2011, because no valid, final sentence was entered on that date, and second, that equitable tolling is appropriate.  Obj. 1–2, Doc #: 18.  The Court reviews these two of the magistrate judge's findings de novo.

### B. Background

As Sands has not objected to Magistrate Judge White's description of the procedural and factual background, the Court adopts the magistrate judge's description of the procedural and factual background of this case in full and incorporates here that portion of the Report and Recommendation, R & R § I, Doc. #: 15.

-2-

## C. Commencement of the Statute of Limitations

The magistrate judge found "that AEDPA's statute of limitations commenced on February 18, 2011, the day after the expiration of the time for seeking direct review." R & R 6, Doc #: 15. Sands argues, "[T]his is not true. . . . [T]he sentence imposed by the Sentencing Judge is not a final sentence as the terms of Post-Release Control has not been properly imposed in this case." Obj. 1, Doc #: 18. Consequently, Sands argues, his claim cannot be not time-barred. To determine if February 18, 2011, is the commencement date, the Court must review de novo whether Sands's sentence's is void.

Under modern Ohio law, "a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 942 N.E.2d 332, 337, 339–40 (Ohio 2010). Specifically relevant here, "[t]he failure to impose a statutorily mandated period of postrelease control is more than administrative or clerical error. It is an act that lacks both statutory and constitutional authority. . . . [W]hen a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." *Id.* at 339–40. "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is . . . to resentence the defendant." *Id.* at 337. Where postrelease control is mandatory, "the court [is] required by statute to notify the offender he was subject to postrelease control, the length of the period of postrelease control, and the potential length of the prison sentence that the parole board could impose for violation of postrelease control." *State v. Murray*, 979 N.E.2d 831, 837 (Ohio Ct. App., Lucas County 2012) (citing *State v. Bloomer*, 909 N.E.2d 1254, 1262 (Ohio 2009)).

In Sands's case, upon denying Sands's motion to reopen his direct appeal, the Ohio court

of appeals reviewed the sentencing hearing transcript and judgment entry and concluded,

"[a]ppellant first argues that appellate counsel was ineffective by failing to raise the issue of the

improper imposition of postrelease control. Specifically, appellant argues that the trial court

failed to 'require' the statutorily mandated five-year period. We disagree." *State v. Sands*, Court

of Appeals No. H-11-017, 2–3 (Ohio Ct. App., Huron County Apr. 24, 2013) (filed on the instant

docket at Doc #: 6-14).

　　　　This Court reaches the same conclusion.  Here, the trial court did not fail to properly

sentence Sands to a period of postrelease control.  In relevant part, the transcript from Sands's

January 2011 sentencing hearings indicates the trial court said,

> With regard to all three of the offenses that you were convicted of are sex
> offenses, and they require that you would be placed on terms and conditions
> of post-release control for a period of five years, which means that on your
> release from prison then you will be subject to the terms and conditions for
> five years. If you violate those terms and conditions, you could then be
> returned to prison for a total of, excuse me, for up to nine months on each
> violation for a total of up to fifty percent of your originally stated prison term.

Sentencing Hr'g Tr. 22:18–23:4, Doc #: 6-7.  Sands confirmed he understood. *Id.* at 23:4–23:5.

The trial court re-iterated this postrelease control sentence in its Judgment Entry of Sentencing,

ordering, "[w]hen you are released from prison you shall be placed on post release control for

five (5) years. If you violate the conditions of your post release. control, you could return to

prison for up to 9 months for each violation for a total of up to 50% of your original stated prison

term. . . ." J. Entry of Sentencing 3–4, Doc #: 6-6.  Clearly, the trial judge sentenced Sands to

mandatory postrelease control and informed Sands that "he was subject to postrelease control,

the length of the period of postrelease control, and the potential length of the prison sentence that

the parole board could impose for violation of postrelease control." *Murray*, 979 N.E.2d at 837.

-4-

Accordingly, Sands's conviction is not void for failure to impose a sentence of postrelease control, and, as there is no other objection to the determination of the commencement date, the Court finds Sands's statute of limitations commenced on February 18, 2011.

### D. Equitable Tolling

Magistrate Judge White found "that equitable tolling is not appropriate. Sands did not raise a tolling argument in his Traverse after Respondent raised the statute of limitations defense." R & R 12, Doc #: 15.  Sands objects, reiterating his voidness argument, alleging "Petitioner has been demonstrating this diligently and the Courts have been the 'extraordinary circumstance' that has been standing in his way by failing to address the sentencing issue in this case." Obj. 2, Doc #: 18.  The Court reviews de novo whether equitable tolling is here inappropriate.

"The federal courts sparingly bestow equitable tolling.  Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . .  Absent compelling equitable considerations, a court should not extend limitations by even a single day."  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000) (citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Sands was put on notice of statute of limitations and tolling issues no later than when Respondent raised these issues in the Return of Writ, Doc #: 6.  However, in his subsequent Traverse Sands has not demonstrated extraordinary circumstances stymied diligent

attempts to seek relief in federal court.  Sands merely re-asserts that his sentence is void.  As discussed above, the sentence is not void, but even if it were void, Sands does not demonstrate how this is an extraordinary circumstance that prevented his timely filing of state court appeals or the instant federal Petition.

Rather, Sands's "voidness" claim has been available for several years prior to this petition, and Sands has been aware of, and even argued, this potential claim.  Indeed, any such alleged voidness would have been evident at the time of original sentencing in January 2011; when the Ohio court of appeals, ruling on Sands's delayed appeal, affirmed the trial court's sentence as "neither contrary to law nor an abuse of discretion," *State v. Sands*, 2012-Ohio-6063, ¶ 1 (Ohio Ct. App., Huron County Dec. 21, 2012); and ultimately when the Ohio appellate court, in April 2013, explicitly addressed Sands's voidness argument and held that the trial court properly imposed postrelease control, *State v. Sands*, Court of Appeals No. H-11-017 at 2–3. Tellingly, this alleged voidness problem has simply not prevented Sands from filing—both timely and untimely—several appeals, petitions, and motions.

Though the elements of equitable tolling were Sands's burden to prove, *see Pace*, 544 U.S. at 418, neither Sands's Petition nor his Traverse provides compelling equitable considerations why the untimeliness of his Petition is the result of matters beyond his control. Accordingly, application of the extraordinary, sparingly-used equitable tolling doctrine is here inappropriate.

### E. Calculation of the Expiration Date

Except for the specific voidness and equitable tolling arguments discussed above, Sands has not objected to the magistrate judge's analysis and calculation of the running of the statute of

limitations, R & R §§ II.A, II.B, II.D, Doc #: 15.  Consequently, the Court is not required to review the magistrate judge's factual and legal discussion and findings on the matter.  However, the Court has reviewed Magistrate Judge White's thorough analysis and agrees that Sands's statute of limitations for the instant Petition expired on March 7, 2014.

**IV. Conclusion**

For the reasons stated above, the magistrate judge's Report and Recommendation, Doc #: 15, is AFFIRMED.  The Petition, Doc #: 1 is DISMISSED as time barred.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster    Oct. 30, 2015*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**